IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 3:16-cr-80–HEH |
| | ) | |
| RICKY R. WALKER, | ) | |
| | ) | |
| Petitioner. | ) | |

**MEMORANDUM OPINION**
(Denying 28 U.S.C. § 2255 Motion)

Ricky R. Walker ("Walker"), a federal inmate proceeding by and through counsel, filed this 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. ("§ 2255 Motion," ECF No. 27.) Walker contends that he is entitled to relief upon the following grounds:[1]

Claim One: Following the United States Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), Walker's conviction and sentence for being a felon in possession of a firearm should be vacated because "[i]n pleading guilty, [Walker] was *not* advised that an element the [G]overnment would be required to prove beyond a reasonable doubt if he proceeded to trial was that he knew that he had been previously convicted of a crime punishable by a term of imprisonment exceeding a year." (*Id.* at 1.)

The Government has filed a response in which it argues that Claim One is procedurally defaulted. (ECF No. 33.) Walker has filed a reply. (ECF No. 36.) As

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system to the parties' submissions. The Court corrects the capitalization, punctuation, and spelling, and omits any emphasis or symbols in quotations from the parties' submissions and the record.

explained below, Claim One is procedurally defaulted. Accordingly, Claim One will be dismissed and the § 2255 Motion (ECF No. 27) will be denied.

## I. PROCEDURAL HISTORY

On June 21, 2016, a grand jury indicted Walker for: (1) possession of heroin with the intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) ("Count One"); and, (2) possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) ("Count Two"). (ECF No. 8, at 1–2.)

On August 3, 2016, Walker entered into a written Plea Agreement (ECF No. 12) with the Government, with an accompanying Statement of Facts (ECF No. 13). In exchange for Walker's guilty plea to Count Two, the Government agreed, among other things, that it would move to dismiss Count One. (ECF No. 12, at 1, 5.) Walker stipulated that had the matter gone to trial, the Government would have proven the following facts, which he admitted were "true and correct," beyond a reasonable doubt:

> On or about January 1, 2016, in the Eastern District of Virginia, and within the jurisdiction of this Court, RICKY WALKER possessed with intent to distribute heroin and possessed a firearm in and affecting interstate and foreign commerce after being convicted by a court of a crime punishable by imprisonment for a term exceeding one year.
> On or about January 1, 2016, during daylight hours, Officer Frazer and Officer Rogers of the City of Richmond Police Department ("RPD") were on routine patrol in the area of the Midlothian Inn Hotel, 6523 Midlothian Turnpike, Richmond Virginia, when they observed a man walking quickly toward a vehicle after leaving a hotel room at the Midlothian Inn Hotel. The officers drove around the hotel and back toward the car that they saw the man get into. Officer Frazer saw the man talking to Ricky Walker (aka "Tuff"). Officer Frazer knew WALKER had an outstanding arrest warrant.
> WALKER exited the vehicle and took off running. Officers Frazer and Rogers chased WALKER, and called WALKER by name several times telling him to stop, and that he was under arrest. WALKER kept running.

2

> As the foot pursuit continued, WALKER reached into his right front pocket and removed a Newport [cigarette] box and a firearm, which WALKER threw into the street sewer. Approximately 30 feet from the sewer, Officer Frazer apprehended WALKER. Search incident to arrest of WALKER revealed $663 in United States currency, a cell phone, and a small bag of marijuana in WALKER's pocket. The officers recovered the Newport box and the [firearm] from the sewer. Inside the Newport box was 25.9871 grams of heroin. The recovered firearm was a Davis Industries, Model D32 Derringer, .32 caliber handgun, bearing serial number 358302. The firearm was not manufactured in the Commonwealth of Virginia and therefore, travelled in interstate commerce prior to WALKER'S possession of the firearm on January 1, 2016.
> 
> WALKER was convicted on March 28, 2012, by the Circuit Court for the City of Richmond, Virginia of possession with intent to distribute controlled substances with priors, and sentenced to 10 years of imprisonment, with 9 years and 2 months of the sentence suspended for 10 years.
>
> The actions taken by the defendant, RICKY WALKER, in furtherance of the offenses charged in this case, including the acts described above, were done willfully and knowingly with the specific intent to violate the law. The defendant acknowledges that the foregoing statement of facts does not describe all of the defendant's conduct relating to the offenses charged in this case, nor does it identify all of the persons with whom the defendant may have engaged in illegal activities.

(ECF No. 13, at 1–3 (paragraph numbers omitted).)

On that same day, August 3, 2016, Walker appeared before the Court for a plea hearing. (ECF No. 11.) Walker pled guilty to Count Two. (*Id.* at 1.) The Court accepted Walker's guilty plea and set the matter for sentencing. (*Id.*)

The probation officer generated a Presentence Investigation Report ("PSR"). (ECF No. 17.) Walker received a three-point reduction to his offense level for acceptance of responsibility. (*See id.* ¶¶ 11, 20, 21.) Consequently, Walker received a

3

Total Offense Level of 25, a Criminal History Category of VI, and an advisory guidelines range of 110 months to 120 months of incarceration.[2] (*Id.* ¶¶ 22, 112–13.)

On November 4, 2016, Walker appeared before the Court for sentencing. (ECF No. 22, at 1.) Neither party objected to the PSR. (*Id.*) After hearing arguments from the parties, and a statement from Walker (*see id.*), the Court sentenced Walker to 120 months of incarceration. (*Id.* at 2; ECF No. 23, at 2.). At that time, pursuant to the Plea Agreement, the Government made a motion to dismiss Count One, which the Court granted. (ECF No. 22, at 1; ECF No. 23, at 1.)

Walker did not appeal. Following the Supreme Court's decision in *Rehaif*, Walker filed the present § 2255 Motion.

## II. ANALYSIS

In Claim One, Walker asserts that following the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), his conviction and sentence for being a felon in possession of a firearm should be vacated because "[i]n pleading guilty, [Walker] was *not* advised that an element the [G]overnment would be required to prove beyond a reasonable doubt if he proceeded to trial was that he knew that he had been previously convicted of a crime punishable by a term of imprisonment exceeding a year." (ECF No. 27, at 1.) Walker has failed to demonstrate that he is entitled to relief under *Rehaif*.

---

[2] Although Walker's guidelines range would have been higher, it was restricted in this instance to 120 months of incarceration, the statutory maximum penalty for Count Two. (*See* ECF No. 17 ¶ 113.)

4

Under 18 U.S.C. § 922(g)(1), it is unlawful for a person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to possess a firearm. A separate provision, 18 U.S.C. § 924(a)(2), states that anyone who "knowingly violates" § 922(g) shall be fined or imprisoned for up to ten years. In *Rehaif*, the Supreme Court determined that § 922(g) does not criminalize a defendant's "innocent mistake" and therefore, a conviction under § 922(g) requires "knowledge of [the] status" that renders firearm possession unlawful.[3] 139 S. Ct. at 2197. Thus, *Rehaif* held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm *and that he knew* he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200 (emphasis added).[4]

As an initial matter, Walker contends that the Court committed a "structural" error by accepting his guilty plea where Walker had not been adequately advised that, had the

---

[3] The defendant in *Rehaif* was convicted of being an alien unlawfully in the United States in possession of a firearm. 139 S. Ct. at 2194. At trial, Rehaif objected to the jury instruction "that the 'United States is not required to prove' that Rehaif 'knew he was illegally or unlawfully in the United States,'" at the time he possessed the firearm. *Id.* (citation omitted). The district court overruled the objection and Rehaif was convicted. *Id.* The Court of Appeals affirmed the conviction. *Id.* at 2195. The Supreme Court reversed, holding that the evidence "must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." *Id.* at 2194.

[4] In *Rehaif*, the Supreme Court addressed "what it means for a defendant to know he has 'violate[d]' 922(g)." 139 S. Ct. 2195. *Rehaif* set forth four elements that make possession of a firearm or ammunition unlawful: "(1) a status element (in this case, [being a felon with a sentence of imprisonment of more than one year]); (2) a possession element (to 'possess'); (3) a jurisdictional element ('in or affecting commerce'); and (4) a firearm element (a 'firearm or ammunition')." *Id.* at 2195–96. Only element (1) is at issue in the present case: whether Walker was aware that he had been convicted of a felony at the time he possessed the firearm.

5

matter gone to trial, an element of Count Two that the Government would have been required to prove was that Walker knew that he was a felon prior to the date in question. (ECF No. 27, at 1, 7.) This is simply incorrect. *See Greer v. United States*, 141 S. Ct. 2090, 2099–2100 (2021) (rejecting argument that *Rehaif* errors are "'structural' and require automatic vacatur in *every* case").[5]

In *Greer*, the Supreme Court considered whether "discrete defects in the criminal process–such as the omission of a single element from jury instructors or the omission of a required warning from a Rule 11 plea colloquy" constituted structural error under *Rehaif*. *Id.* at 2099–2100. In concluding that they do not, the Supreme Court held that "*Rehaif* errors fit comfortably within the 'general rule' that 'a constitutional error does not automatically require reversal of a conviction.'" *Id.* at 2100 (quoting *Arizona v. Fulminante*, 499 U.S. 279, 306 (1991)); *see also United States v. Medley*, No. 18–4789, 2021 WL 8362326, at *1 (4th Cir. Oct. 6, 2021) (en banc) (reversing panel opinion "that *Rehaif* errors affecting appellant's indictment . . . violated his substantive rights" and concluding, based upon *Greer*, that "appellant is not entitled to plain-error relief for his unpreserved *Rehaif* claim"), *rev'g*, 972 F.3d 399 (4th Cir. 2020). Thus, it is clear that any *Rehaif* error related to the Indictment or the plea colloquy is not "structural," and does not compel the automatic vacatur of Walker's conviction or sentence.[6]

---

[5] Structural errors are errors that affect the "entire conduct of the [proceeding] from beginning to end." *Greer*, 141 S. Ct. at 2100. They are very rare, having only been found in a "very limited class of cases." *Id.* at 2099.

[6] Walker's arguments concerning *Rehaif* and structural errors are based largely on the opinion of the United States Court of Appeals for the Fourth Circuit in *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020). (*See* ECF No. 27, at 1–5.) However, in *Greer*, the Supreme Court explicitly

Rather, because Walker could have raised, but failed to raise, his *Rehaif* claim on direct review, absent a showing of cause and prejudice or actual innocence, Claim One is barred from review here. *See Bousley v. United States*, 523 U.S. 614, 622–23 (1998). In this instance, the Court need not determine whether Walker has shown cause for his default, because he clearly suffered no actual prejudice. *See United States v. Frady*, 456 U.S. 152, 167 (1982).

In order to demonstrate prejudice, Walker must show "a reasonable probability that, but for [the alleged *Rehaif*] errors, he would have not pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see Greer*, 141 S. Ct. at 2098. Walker does not argue that, but for the alleged *Rehaif* errors, he would have pled not guilty and insisted on proceeding to trial. Rather, he merely questions the sufficiency of his plea colloquy. For this reason alone, Walker has failed to meet his burden of establishing actual prejudice. *See Greer*, 141 S. Ct. at 2097–98, 2100.

To be clear, nowhere in his submissions does Walker allege that he was unaware of the fact that he was a felon. *Cf. id.* at 2100 ("In felon-in-possession cases, a *Rehaif* error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon."). To the contrary, ample evidence shows that Walker knew of his felon status on the date in question.[7]

---

rejected Gary's argument that *Rehaif* errors were structural in nature and reversed the judgment of the Fourth Circuit, upon which Walker so heavily relies. 141 S. Ct. at 2099–2101.

[7] As the Court inferred in *Rehaif*, the Government's duty to prove a defendant's knowledge of his status is hardly "burdensome," because "knowledge [of status] can be inferred from

7

Prior to the present offense, Walker had been convicted on multiple occasions of multiple felonies and had received multiple sentences in excess of one year. (*See* ECF No. 17 ¶¶ 42, 46.) In 2009, Walker was convicted of possession of cocaine with the intent to distribute in the Circuit Court for Henrico County and was sentenced to 4 years and 12 months of imprisonment, with 4 years and 4 months suspended for a period of 7 years. (*Id.* ¶ 42.) In 2012, Walker was convicted of possession of a controlled substance with intent to distribute, second offense, in the Circuit Court for the City of Richmond and was sentenced to 10 years of imprisonment with 9 years and 2 months suspended for a period of 10 years. (*Id.* ¶ 46.) Indeed, Walker was still under his suspended sentences from the state courts when the events underlying Count Two took place. (*Id.* ¶¶ 42, 46.)

Further, on June 13, 2013, while on probation with state authorities, Walker signed a document with the subject, "Possession of Firearms and/or Ammunition," which was addressed to "Anyone convicted of a felony on probation, parole, and/or post release supervision." (ECF No. 34–1, at 1). The body of the document states:

> The provisions of the Gun Control Act of 1968, 18 U.S.C. 922 and 18 U.S.C. 1202 – Appendix, relate to any person who has been convicted of a crime, punishable imprisonment, for a term exceeding one year, whether or not such sentence was imposed or served. Under these provisions, no probationer or parolee may purchase, carry, own or possess firearms or ammunition.
> The above information is called to your attention so that you will not unknowingly or knowingly violate federal law.

---

circumstantial evidence." 139 S. Ct. at 2198 (quoting *Staples v. United States*, 511 U.S. 600, 615 n.11 (1994)). Indeed, "[d]emonstrating prejudice under *Rehaif* will be difficult for most convicted felons for one simple reason: Convicted felons typically know they're convicted felons. And they know the Government would have little trouble proving that they knew." *United States v. Lavalais*, 960 F.3d 180, 184 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 2807 (2021). Here, the Government could easily prove that Walker knew he was a felon.

8

(*Id.*) Walker signed this document underneath an acknowledgment, which states:

> I hereby acknowledge that the above was read by me, or to me. I thoroughly understand that I cannot purchase, carry, own or possess firearms or ammunition, unless I have received proper relief through the provisions of the Gun Control Act of 1968, 18 U.S.C. 925(c) or 18 U.S.C. 12–3(2). I also understand that this relief cannot be obtained while I am under supervision.

(*Id.*)

Based on the forgoing facts, Walker clearly knew he was a felon at the time that the events giving rise to Count One occurred. *Cf. United States v. Caldwell*, 7 F.4th 191, 213–14 (4th Cir. 2021) (affirming § 922(g) conviction post-*Rehaif* where defendant "had been convicted of multiple felonies," and "never disputed the validity of th[o]se felony convictions, and . . . stipulated at trial to having had such a conviction . . . ." (citing *Greer*, 141 S. Ct. at 2097–98)). Furthermore, Walker clearly knew that he was prohibited from possessing a firearm on the date in question. (*See* ECF No. 34–1.) Thus, if Walker had opted for trial, his conviction on Count Two was all but guaranteed.[8]

Moreover, the record lacks any evidence suggesting that Walker would not have pled guilty if he had been advised that the Government was required to prove that he knew he was a felon on the date in question. To the contrary, Walker received several very significant benefits that he would not have otherwise received if he opted for trial.[9]

---

[8] While evidence like the probation document discussed above is by no means necessary to sustain a conviction under 18 U.S.C. § 922(g)(1), *see United States v. Singh*, 979 F.3d 697, 727 (9th Cir. 2020) (finding that *Rehaif* does not require the Government to "also prove the defendant knew his or her status prohibited firearm ownership or possession"), it does highlight the strength of the Government's case, underscore Walker's disregard for the law, and illustrate the certainty of his conviction.

[9] Among other things, the Court dismissed Count One on the Government's motion because Walker pled guilty to Count Two. (ECF No. 22, at 1; ECF No. 23, at 1.) Had the Government

9

Simply put, had Walker proceeded to trial, he would have lost the benefits he obtained by pleading guilty, he almost certainly would have been convicted of at least one additional felony offense, he would have faced a higher guidelines range, and he would have received a harsher sentence. Thus, no reasonable defendant in Walker's position would have insisted on proceeding to trial.[10]

Therefore, Walker cannot show any actual prejudice. This same information also dispels any suggestion that Walker's actual innocence could excuse his default.[11] To the

---

insisted that Walker plead guilty to Count One, "he would have . . . fac[ed] a guideline range of 151 to 188 months [of incarceration]." (*See* ECF No. 21, at 5 (citation omitted).) Further, "[h]ad the government [charged and] insisted that [Walker] plead to use and carry of a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c), [Walker] would have . . . fac[ed] a guidelines range of 262 to 327 months. Had [Walker] been convicted at trial of such a count, he would have . . . fac[ed] 360 [months of incarceration] to life." (*Id.* (internal citations omitted).)

[10] The fact that Walker received the maximum sentence allowed for Count Two is irrelevant to the analysis. Walker had no way of knowing what sentence the Court might impose at the time he made his decision to plead guilty, as the Court did not fashion its sentence until after hearing from the parties and considering all available evidence. What is clear, however, is the fact that, no matter what Walker did, the Government was going to ask for at least 120 months of incarceration, and they had ample support for such a request. Walker has demonstrated lawless behavior and flaunted authority for his entire adult life. While on felony probation, he possessed a firearm to further his drug dealing activities, which he conducted at a hotel that he had been previously banned from, which is in an area that is renowned for violence. (*See* ECF No. 21, at 2–3.) Further, Walker ran at the mere sight of the police. Whether this was because he knew that he had an outstanding warrant, or he recognized the obvious criminality of his actions is ultimately irrelevant. In either instance, his flight underscores his disregard for the law. Here, Walker had little choice other than to secure the best deal that he could, plead guilty, and throw himself on the mercy of the Court. The fact that Walker was undeserving of the below-guideline sentence that he requested (*see* ECF No. 20, at 1), does not change the fact that, strategically speaking, pleading guilty was his best and only option.

[11] Actual innocence means "factual innocence, not mere legal insufficiency of [a] conviction." *Bousley*, 523 U.S. at 623–24 (citation omitted); *United States v. Mikalajunas*, 186 F.3d 490, 494 (4th Cir. 1992) (indicating that a petitioner must establish "actual factual innocence"). Walker only challenges the legal sufficiency of Count Two. He has failed to allege, much less demonstrate, his "actual factual innocence." *Mikalajunas*, 186 F.3d at 494.

contrary, Walker's guilt is quite clear from the record. Accordingly, Claim One is procedurally defaulted and will be dismissed.

### III. CONCLUSION

The § 2255 Motion (ECF No. 27) will be denied. Claim One and the action will be dismissed. A certificate of appealability will be denied.[12]

An appropriate Order shall accompany this Memorandum Opinion.

                 /s/
            Henry E. Hudson
Date: Jan. 10, 2023     Senior United States District Judge
Richmond, Virginia

---

[12] An appeal may not be taken from a final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Walker has not met this standard.